**Nathan R. Rietmann, OSB #053630**
Attorney at Law
nathan@rietmannlaw.com
1270 Chemeketa St. NE
Salem, Oregon 97301
Phone: (503) 551-2740

Attorneys for Plaintiff Alan Olsen

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF OREGON

## EUGENE, OREGON

| | |
|---|---|
| In re: | Chapter 11 |
| **LARRY SLAUGHTER** | Case No. 12-61194-tmr11 |
| Debtor-in-possession. | Adv. Proc. No_____ |
| | **COMPLAINT** |
| **ALAN OLSEN** d/b/a/ CUSTOM CONSTRUCTION SERVICES, *an individual* | |
| Plaintiff | |
| v. | |
| **LARRY SLAUGHTER**, *an individual* Defendants. | |

COMES NOW, through undersigned counsel, Alan Olsen ("Plaintiff"), who

is a creditor and party in interest in the above-captioned case, and files this

Page 1 – COMPLAINT

IN RE: LARRY SLAUGHTER

Complaint seeking a declaratory judgment pursuant to 28 U.S.C. § 2201, *et seq* and Bankruptcy Rule 7001(2) regarding the validity, priority, extent and amount of its claims against the debtor-in-possession for: (1) breach of contract; (2) unjust enrichment; or (3) money had and received.

## JURISDICTION

1.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1334(b), as this action arises under Title 11 and relates to the Debtor's Chapter 11 case, *In re Larry Slaughter*, Case No. 12-61194-tmr11 in the United States Bankruptcy Court for the District of Oregon. This action is a core proceeding arising under Title 11 and in connection with, and related to, the above-referenced bankruptcy, which was filed on March 27, 2012.

2.      Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

## PARTIES

3.      Plaintiff Alan Olsen is an individual and resident of Clackamas County, Oregon d/b/a Custom Construction Services.

4.      Defendant Larry Slaughter is an individual and resident of Marion County, Oregon.

## FACTS COMMON TO ALL COUNTS

5.      On February 28, 2008, the parties agreed that Plaintiff would lend $20,000.00 to Defendant and that Defendant would repay the principal sum of

$20,000.00 within one week of receipt of such funds (the "Loan"). A true copy of the check issued by Plaintiff to Defendant for $20,000.00 is attached to this Complaint. *See,* Exhibit 1, Pg 3.

6.    Defendant is in default on the Loan by reason of his failure to make the payment required thereunder.

7.    On January 12, 2010, Defendant signed a document memorializing the Loan made by Plaintiff to Defendant. Under this document, Defendant further confirmed that no payment had been made upon the Loan as of the date of the document. A true copy of this document is attached as to this Complaint. *See,* Exhibit 1, Pg 2.

8.    On December 27, 2011, having received no payments from Defendant, Plaintiff sent a letter to Defendant demanding repayment of the loan plus interest of eight percent per annum thereon. In this letter Plaintiff further offered Defendant the alternative of payment by a cashier's check for $18,000.00 plus title free and clear to Defendant's boat and related boating equipment if received by January 31, 2012. Defendant did not repay the loan, nor did he accept Plaintiff's alternative offer of repayment. A true copy of the letter sent to Defendant is attached to this Complaint. *See,* Exhibit 1, Pg 1.

9.    Defendant made the following payments toward the Loan on the following dates:

Page 3 – COMPLAINT

IN RE: LARRY SLAUGHTER

| | |
|---|---|
| March 30, 2012 | $1,000.00 |
| May 16, 2012 | $1,000.00 |
| July 3, 2012 | $1,000.00 |
| December 10, 2012 | $1,000.00 |
| April 18, 2013 | $1,000.00 |

True copies of Plaintiff's receipts of payments from Defendant are attached as Exhibit 2 to this Complaint.

10.     On March 27, 2012, Larry Slaughter filed a Voluntary Petition under Chapter 11 of the Bankruptcy Code and continues to operate as debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

11.     It has come to the attention of the Plaintiff that Defendant filed for bankruptcy. Defendant failed to list Plaintiff's loan within the Defendant's bankruptcy proceeding. Plaintiff has been prejudiced by Defendant's failure to repay the sum of the funds loaned to Defendant. Plaintiff would be further prejudiced if Plaintiff's claim was not resolved prior to the Defendant's bankruptcy discharge.

## DECLARATORY JUDGMENT IS PROPER

12.     The United States Supreme Court has provided the well-established principle that in order for a court to grant a declaratory judgment the "controversy must be definite and concrete, touching the legal relations of parties having adverse

Page 4 – COMPLAINT

IN RE: LARRY SLAUGHTER

legal interests... and must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical set of facts." *Aetna Life Insurance Co. v. Haworth*, 300 U.S. 227 (1937). Thus, the threshold question in a declaratory judgment action is whether "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. *Maryland Case Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 273 (1941).

13.    The damages to Plaintiff are significant and may, in fact, exceed the amount due under the loan. Plaintiff seeks a determination of the amount of its damages under the Loan.

14.    The controversy here is definite and concrete and the Court has the authority to issue specific relief to the parties. The resolution of these issues will resolve real and existing controversies and is essential to the resolution of this case.

15.    Rather than engage in prolonged and expensive litigation in state court relating to matters core to this bankruptcy, Plaintiff would like to resolve these matters efficiently. For this reason, Plaintiff is asking for a declaratory judgment. A primary purpose of a declaratory judgment procedure is to provide the means for a prompt settlement of controversies. *Haworth*, 300 U.S. 227.

//

Page 5 – COMPLAINT

IN RE: LARRY SLAUGHTER

## DECLARATORY RELIEF COUNT I

### Complaint for Determination of Damages for Breach of Contract

16.     Plaintiff re-alleges paragraphs 1-15 herein.

17.     Plaintiff seeks a declaratory judgment that is entitled to its actual damages, including, but not limited to, its costs and attorneys' fees for breach of contract.

18.     The parties' agreement regarding the Loan constitutes a valid and binding contract between Plaintiff and Defendant.

19.     By loaning the money to Defendant, Plaintiff fully performed all of his obligations under the parties' agreement.

20.     Defendant failed to repay the entire principal amount to Plaintiff. To date, Defendant has repaid only a total of $5,000.00 toward the principal sum loaned. The outstanding balance on the principal of the loan is $15,000.00. Such failure of performance constitutes a material breach of the parties' agreement.

21.     As a direct result of Defendant's failure to repay the Loan, Plaintiff sustained damages of $15,000.00 together with prejudgment interest thereon.

22.     Plaintiff is entitled to an award of any attorney fees available pursuant to ORS 20.094.

## DECLARATORY RELIEF COUNT II

### Complaint for Determination of Damages for Unjust Enrichment

23.     Plaintiff re-alleges paragraphs 1-15 herein.

24.     In the alternative to Plaintiff's breach of contract claim, without excluding or otherwise limiting that claim, Plaintiff is entitled to recover for benefits conferred upon the Defendant.

25.     Plaintiff loaned the money to Defendant with the understanding he would be repaid for any money loaned to Defendant.

26.     Plaintiff conferred a benefit upon Defendant of the use of $20,000.00.

27.     Defendant requested to borrow the money loaned by Plaintiff to Defendant and did accept the money loaned. Defendant was aware of the benefit he received.

28.     Defendant repeatedly indicated his intent to repay Plaintiff. Plaintiff relied upon the statements of Defendant and reasonably believed he would be paid back for money loaned to Defendant. Plaintiff would not have made the Loan to Defendant but for Plaintiff's reasonable expectation of prompt repayment.

29.     The value of the benefit conferred upon Defendant that remains unpaid is $15,000.00 plus interest thereon. Defendant has been unjustly enriched in the amount of $15,000.00 at the expense of Plaintiff.

IN RE: LARRY SLAUGHTER

30. It would be inequitable to allow Defendant to retain the funds from the Loan without fully reimbursing Plaintiff. Reasonable societal expectations of security of property would be defeated by non-payment.

31. Plaintiff has been damaged in the amount of $15,000.00 plus interest thereon by the unjust enrichment of the Defendant.

32. Plaintiff is entitled to an award of any attorney fees available pursuant to ORS 20.094.

## THIRD CLAIM FOR RELIEF

### Complaint for Determination of Damages for Money Had and Received

33. Plaintiff re-alleges paragraphs 1-15 herein.

34. In the alternative to Plaintiff's breach of contract claim and claim of unjust enrichment, without excluding or otherwise limiting such claims, Defendant received money from Plaintiff.

35. In equity and good conscience, the money loaned to Defendant by Plaintiff belongs to and should be repaid to Plaintiff.

36. Defendant has failed to repay $15,000.00 of the principal amount loaned to Defendant by Plaintiff.

37. Defendant still owes, as money had and received, the amount of $15,000.00.

IN RE: LARRY SLAUGHTER

38.   Defendant should be required by this action to make restitution by paying Plaintiff, as money had and received, the amount of $15,000.00 plus interest at the statutory rate from and after February 28, 2008.

39.   Plaintiff is entitled to an award of any attorney fees available pursuant to ORS 20.094.

WHEREFORE, Plaintiff respectfully prays for a declaratory judgment against Defendant as follows:

1.   Upon his First Claim for Relief, judgment in the amount of $15,000.00, prejudgment and post judgment interest thereon, together with an award of reasonable attorney fees, costs, and disbursements.

2.   Upon his Second Claim for Relief, judgment in the amount of $15,000.00, prejudgment and post judgment interest thereon, together with an award of reasonable attorney fees, costs, and disbursements.

3.   Upon his Third Claim for Relief, judgment in the amount of $15,000.00, prejudgment and post judgment interest thereon, together with an award of reasonable attorney fees, costs, and disbursements.

4.   Such other relief as the court deems just and proper under the circumstances.

IN RE: LARRY SLAUGHTER

DATED this 16th day of September, 2013.

Respectfully submitted,

/s/ Nathan R. Rietmann

Nathan R. Rietmann, OSB #053630
Attorney at Law
1270 Chemeketa St. NE
Salem, Oregon 97301
503-551-2740
nathan@rietmannlaw.com
Of Attorneys for Plaintiff Alan Olsen

12/27/11


Mr. Larry Slaughter
20384 French Prairie Rd. N.E.
Saint Paul, Or. 97137

Dear Larry

    Attached you will see two documents relating to the debt you owe me for the sum of
$20,000.00 incurred on 2/26/08. The first document is a copy of the cancelled check, front and rear,
dated 2/26/08. This should clarify any confusion about when the check was written and that you in fact
did cash the check. The second document is a note that you signed on 1/12/10 indicating that you
intended to repay the debt within one week of 2/28/08 and as of the date of the note; I have not
received any payment of the owed amount.

    This therefore is a demand letter for repayment of the owed amount plus interest at 8% per
year from 2/28/08. If payment is not received by 1/31/12, I will then proceed with any and all means to
collect the outstanding amount. I will seek the principal owing, interest at 8% per year and all related
costs of collection, including attorney fees and court costs.

    This has gone on way to long and your continued deceit concerning various attempts to sell
property, gravel contracts, etc is beyond comprehension. You have put my family and me in a position
that we should have never been put in. I have asked many times for repayment, only to be "deceived"
with some new story. I have paid on this money, taken from my credit line, for almost four years now,
even with my business dropping to almost nonexistent. You have created a tremendous hardship on me
and I will not tolerate it any longer.

    I will make this offer, however. You will, by January 31, 2012, give me free and clear title to the
Pro-craft bass boat, the 200 EFI Mercury motor, the boat trailer and any and all attached equipment and
any and all fishing equipment stored in the boat located in storage in Florida. Along with the free and
clear title, as described above, you will provide a Cashier's Check, made payable to Alan Olsen, in the
amount of $18,000.00. I feel this is a fair exchange for your debt.

    I will expect an answer to this letter within one week of receipt of this letter, indicating your
intentions.
This should have never gotten this far.


Alan Olsen
2475 N. Baker Dr.
Canby, Or. 97013
503-936-8605

Exhibit 1
Page 1 of 3

1/12/10

On February 28, 2008, I borrowed $20,000.00 from Alan Olsen. Repayment was to be in one week. As of the above date this money is still owing. I, Larry Slaughter, do owe this amount and do agree to repay Alan Olsen.

Larry Slaughter

Exhibit 1
Page 2 of 3





# Check Images

This image contains confidential and personal information. If you print it, please store it in a secure place to prevent unauthorized use or theft of this information. For your safety, we recommend that you shred the document if you choose to discard or destroy the image copy.

Account # :    Date Processed:   02/28/08   Check # :   6216    Amount:   $20,000.00



**RECEIPT**    DATE 3/30/12    NO. 031251

RECEIVED FROM _Larry Slaughter_

$ 1000 ᵒᵒ

FOR RENT OF _Amount on loan_

| ALWAYS | HOW PAID | | FROM |
| SAVE | CASH | | TO |
| YOUR | CHECK | | BY _AJD_ |
| RECEIPTS | MONEY ORDER | | |

©2001 ꞏꞏꞏ ® 8L821

Exhibit 2
Page 1 of 5

RENT MUST BE PAID IN ADVANCE

**RECEIPT**    DATE 5/16/12    NO. 031252

RECEIVED FROM _Larry S. Griffin_

_one thousand + no/100_    $ _1000 oo_

FOR RENT OF _____

| ALWAYS | HOW PAID | FROM _____ |
| SAVE | CASH | 1000 x | TO _____ |
| YOUR | CHECK | | BY _Ara_ |
| RECEIPTS | MONEY ORDER | | ©2001 REDIFORM 8L821 |

Exhibit 2
Page 2 of 5

**RECEIPT**   DATE 7/3/12   NO. 031253

RECEIVED FROM Larry Slaughter

one thousand & 00/100                    $ 1000 00

FOR RENT OF _____

| ALWAYS | HOW PAID | | FROM |
|--------|----------|--|------|
| SAVE | CASH | | TO |
| YOUR | CHECK | | |
| RECEIPTS | MONEY ORDER | | BY |

RENT MUST BE PAID IN ADVANCE

Exhibit 2
Page 3 of 5

**RECEIPT** DATE 12/10/12 NO. 031254

RECEIVED FROM Larry Smyth

one thousand & no/100                    $ 1,000.00

FOR RENT OF

| ALWAYS | HOW PAID | | FROM |
|--------|----------|---|------|
| SAVE | CASH | | TO |
| YOUR | CHECK | | |
| RECEIPTS | MONEY ORDER | | BY |

©2001 REDIFORM ® 8L621

Exhibit 2
Page 4 of 5



Exhibit 2
Page 5 of 5